**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50481 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00284-AHM-12 |
| v. | |
| ERNEST GEORGE MANCHA, AKA Chubby, AKA Chubs, AKA Ernie, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Submitted April 14, 2011[**]
Pasadena, California

Before: WARDLAW, BYBEE, and M. SMITH, Circuit Judges.

Ernest George Mancha appeals his convictions for conspiracy to possess

with intent to distribute methamphetamine, 21 U.S.C. §§ 846, 841(a)(1), and use of

a communication facility in committing a felony drug offense, 21 U.S.C. § 843(b).

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Because the parties are familiar with the factual and procedural history of this case, we do not recount additional facts except as necessary to explain our decision. We affirm.

The district court did not err in admitting Special Agent Schneider's testimony. As to the testimony to which Mancha objected at trial, the district court properly allowed interpretations of encoded drug jargon, and exercised its discretion in striking those portions that were clearly improper. *See United States v. Reed*, 575 F.3d 900, 922–23 (9th Cir. 2009). To the extent Special Agent Schneider interpreted the meaning of ambiguous terms, such testimony is admissible if it is based on the witness's knowledge of the particular case and defendants. *Id.* at 922. Moreover, when viewed in the context of the properly admitted testimony, any error was harmless. *See United States v. Freeman*, 498 F.3d 893, 905–06 (9th Cir. 2007).

As to the testimony to which Mancha did not object, there was no plain error. Even where the government concedes that Special Agent Schneider improperly interpreted clear statements, Mancha has not established that the testimony affected his "substantial rights," that is, that it "'affected the outcome of the district court proceedings.'" *Puckett v. United States*, 129 S.Ct. 1423, 1429 (2009) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)).

AFFIRMED.